Case 4:20-cv-02851   Document 4   Filed on 10/07/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY W. BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-20-2851 |
| | § | |
| HARRIS COUNTY JAIL, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiff Gregory Wade Brooks (SPN 02753347) is an inmate in custody of the Harris County Jail. Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging that he is in imminent danger because he tested positive for COVID-19 at the Jail. Doc. No. 1. Plaintiff has also filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," which the Court construes as a motion for leave to proceed *in forma pauperis*. *Id.* at 6-7. After reviewing the pleadings and relevant court records, the Court concludes that this case must be dismissed without prejudice under 28 U.S.C. § 1915(g) and pursuant to the Preclusion Order entered against Plaintiff in *Brooks v. Infirmary at 701 San Jacinto*, Civ. A. No. H-20-2713 (S.D. Tex. Aug. 5, 2020).

I. **DISCUSSION**

Under the "three strikes" provision in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless he is in "imminent danger of serious physical injury." *Id.* Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-

danger exception at the time his complaint is filed. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff has filed numerous frivolous lawsuits and has accumulated several strikes while he has been incarcerated. *See, e.g., Brooks v. Harris County Jail*, Civ. No. H-18-1219 (S.D. Tex. Apr. 23, 2018) (dismissing with prejudice for failure to state a claim); *Brooks v. Harris County Jail*, Civ. No. H-18-1408 (S.D. Tex. May 7, 2018) (dismissing case with prejudice as malicious); *Brooks v. Harris County Jail*, Civ. No. H-18-2076 (S.D. Tex. July 16, 2018) (dismissing case with prejudice as malicious). The Southern District of Texas has recently issued a Preclusion Order barring Plaintiff from filing any more claims in this District because he is a "well-documented abusive litigant" who is subject to sanctions. *Brooks v. Infirmary at 701 San Jacinto*, Civ. A. No. H-20-2713, at *3; Doc. No. 2 at 3.

Plaintiff claims that he is under imminent danger of serious physical injury because he tested positive for COVID-19 at the Jail on August 7, 2020. He does not allege any facts to show that he has had any symptoms of the coronavirus or suffered any adverse effects since his positive test. He also fails to allege facts to show that any official at the Jail has been deliberately indifferent to his medical needs during this time. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Valdez v. Bush*, Civ. A. No. 3-08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations omitted); *see also VanDyke v. La. Dep't of Corr.*, Civ. A. No. 20-0448, 2020 WL 1869016 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release or transfer) (citing cases); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater

risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of COVID-19 in the prison). Plaintiff fails to show imminent danger of serious bodily injury such that he falls within the exception set forth in 28 U.S.C. § 1915(g). Therefore, this case must be dismissed without prejudice.

## II.  ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

2. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) and the Preclusion Order dated August 5, 2020.

3. Plaintiff may only move to reopen this case if he pays the filing fee of $400.00 within thirty days of the date of this Order and shows proof that he has paid all outstanding monetary sanctions that have been assessed against him for being an abusive litigant.

4. Any and all pending motions are **DENIED** as **MOOT**.

The Clerk will send a copy of this Order to the parties.

SIGNED at Houston, Texas, this ___7___ day of October 2020.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE